*DELIVERED:*
*5 MAY 12*
*K. S. Taylor*

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

LAURIE A. GABALDON,

       Plaintiff,

vs.                              Cause No. D 202 CV 2012-04023

ALVIN ANDREW STOCK, and
HEARTLAND EXPRESS INC. OF IOWA,
an Iowa For-Profit Corporation,

       Defendants.

## SUMMONS
## THE STATE OF NEW MEXICO

TO:             Alvin Andrew Stock
ADDRESS:     369 CR 4709
                Kempner, TX  76539

      You are required to serve upon Will Ferguson & Associates an answer or motion in response to the complaint which is attached to this summons within thirty (30) days after service of this summons upon you, exclusive of the day of service, and file a copy of your answer or motion with the court as provided in Rule 1-005 NMRA.

      If you fail to file a timely answer or motion, default judgment may be entered against you for the relief demanded in the complaint.

      Attorney or attorneys for plaintiff:  Robert M. Ortiz, Will Ferguson & Associates, 1720 Louisiana Blvd. NE, Suite 100, Albuquerque, NM 87110

      WITNESS the Honorable Beatrice Brickhouse district judge of the Second Judicial District Court of the State of New Mexico, and the seal of the district court of Bernalillo County, this 1st day of May, 2012.

                       GREGORY T. IRELAND
                       CLERK OF THE DISTRICT COURT

*Robin L. Wilson*

By: _____
                  Deputy

**EXHIBIT**

1

COPY

RETURN[1]

STATE OF NEW MEXICO        )
                          ) ss
COUNTY OF _____      )

I, being duly sworn, on oath, state I am over the age of eighteen (18) years and not a party to this lawsuit, and I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this summons and complaint attached, in the following manner:

(check one box and fill in appropriate blanks)

[ ] to the defendant _____ (used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint)

[ ] to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (used when service is by mail or commercial courier service).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ] to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (used when the defendant is not presently at place of abode) and by mailing by first class mail to the defendant at _____ (insert defendant's last known mailing address) a copy of the summons and complaint.

[ ] to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (insert defendant's business address) and by mailing the summons and complaint by first class mail to the defendant at _____ (insert defendant's last known mailing address).

[ ] to _____, an agent authorized to receive service of process for defendant _____.

[ ] to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (used when defendant is a minor or an incompetent person).

[ ] to _____ (name of person), _____, (title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision).

Fees: _____        _____
                                     Signature of person making service

                                     _____
                                     Title (if any)

Subscribed and sworn to before me this _____ day of _____, _____.

_____
Judge, notary or other officer
authorized to administer oaths

USE NOTES

1.   Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.
2.   If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.
        [Adopted effective August 1, 1988; as amended, effective March 1, 2005.]

*DELIVERED:*
*5 MAY '12*
*K. S. Taylor*

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

LAURIE A. GABALDON,

      Plaintiff,

vs.                            Cause No. D 202 CV 2012-04023

ALVIN ANDREW STOCK, and
HEARTLAND EXPRESS INC. OF IOWA,
an Iowa For-Profit Corporation,

      Defendants.

## SUMMONS
### THE STATE OF NEW MEXICO

TO:           Alvin Andrew Stock
ADDRESS:    369 CR 4709
                 Kempner, TX  76539

      You are required to serve upon Will Ferguson & Associates an answer or motion in response to the complaint which is attached to this summons within thirty (30) days after service of this summons upon you, exclusive of the day of service, and file a copy of your answer or motion with the court as provided in Rule 1-005 NMRA.

      If you fail to file a timely answer or motion, default judgment may be entered against you for the relief demanded in the complaint.

      Attorney or attorneys for plaintiff:  Robert M. Ortiz, Will Ferguson & Associates, 1720 Louisiana Blvd. NE, Suite 100, Albuquerque, NM  87110

      WITNESS the Honorable Beatrice Brickhouse district judge of the Second Judicial District Court of the State of New Mexico, and the seal of the district court of Bernalillo County, this 1st day of May, 2012.

                               GREGORY T. IRELAND
                               CLERK OF THE DISTRICT COURT

[seal: SECOND JUDICIAL DISTRICT / COURT SEAL / STATE OF NEW MEXICO]

                               *Robin L. Wilson*

              By: _____
                           Deputy

COPY

RETURN[1]

STATE OF NEW MEXICO          )
                            ) ss
COUNTY OF _____     )

I, being duly sworn, on oath, state I am over the age of eighteen (18) years and not a party to this lawsuit, and I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this summons and complaint attached, in the following manner:

(check one box and fill in appropriate blanks)

[ ] to the defendant _____ (used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint)

[ ] to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (used when service is by mail or commercial courier service).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ] to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (used when the defendant is not presently at place of abode) and by mailing by first class mail to the defendant at _____ (insert defendant's last known mailing address) a copy of the summons and complaint.

[ ] to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (insert defendant's business address) and by mailing the summons and complaint by first class mail to the defendant at _____ (insert defendant's last known mailing address).

[ ] to _____, an agent authorized to receive service of process for defendant _____.

[ ] to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (used when defendant is a minor or an incompetent person).

[ ] to _____ (name of person), _____, (title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision).

Fees: _____          _____
                               Signature of person making service

                               _____
                               Title (if any)

Subscribed and sworn to before me this _____ day of _____, _____[2]

_____
Judge, notary or other officer
authorized to administer oaths

USE NOTES

1.   Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.
2.   If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.
     [Adopted effective August 1, 1988; as amended, effective March 1, 2005.]

FILED IN MY OFFICE
DISTRICT COURT CLERK
4/25/2012 3:13:49 PM
GREGORY T. IRELAND

Tony Lucero

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

LAURIE A. GABALDON,
      Plaintiff,

vs.                 Cause No.  D-202-CV-2012-04023

ALVIN ANDREW STOCK, and
HEARTLAND EXPRESS INC. OF IOWA,
an Iowa For-Profit Corporation,

      Defendants.

## COMPLAINT TO RECOVER DAMAGES FOR PERSONAL INJURY

COMES NOW Plaintiff Laurie A. Gabaldon, by and through her attorney Robert

M. Ortiz (Will Ferguson & Associates), and brings this cause against Defendants and

alleges the following:

### PARTIES AND JURISDICTION

1. Plaintiff Laurie A. Gabaldon (hereinafter "Plaintiff"), age 49, is a resident of

   Bernalillo County, New Mexico.

2. Defendant Heartland Express, Inc. of Iowa (hereinafter "Defendant Heartland

   Express") is a for-profit Iowa corporation engaged in the operation of a sizeable

   interstate commercial trucking/transportation operation, and is a motor carrier as

   defined in the Federal Motor Carrier Safety Regulations and the New Mexico

1



Motor Carrier Act, with its principal place of business in Iowa being 901 North Arkansas Avenue, North Liberty, Iowa 52317.

3. Defendant Heartland Express is registered with the U.S. Department of Transportation under D.O.T. number 134697, and is registered with the ICC Motor Carrier number MC-115554

4. Defendant Alvin Andrew Stock (hereinafter "Defendant Andrew Stock") is a resident of Kempner, Texas, and operates commercial motor vehicles with and for Defendant Heartland Express.  Upon information and belief, Defendant Andrew Stock is over the age of majority, is not on active duty with any branch of the United States Armed Forces, and is otherwise *sui generis* and *sui juris* and subject to the jurisdiction of this Court.

## FACTUAL BACKGROUND

5. Defendant Andrew Stock is employed with Defendant Heartland Express as a professional truck driver, and his duties include driving commercial motor vehicles for, belonging to and/or under the control of Defendant Heartland Express.

6. On February 27, 2012, Defendant Andrew Stock was driving a commercial tractor-trailer unit in Albuquerque, New Mexico, in the scope of his employment with and for Defendant Heartland Express.

2

7. At approximately 11:18 a.m., Defendant Andrew Stock drove the commercial tractor-trailer unit northbound on Frontage Road North at a rate of speed and under load and braking conditions that prevented him from being able to stop, causing him to run through a solid red light where the road intersects with Frontage Road West.

8. At about the same time, Plaintiff Laurie Gabaldon was driving her 1993 Chevrolet Beretta westbound on Frontage Road West through the intersection, on a green light, and collided with Defendant Andrew Stock.

9. Defendant Andrew Stock admitted he ran the red light, and claimed it was as a result of being unable to stop the commercial vehicle, and because of the weight of the vehicle's cargo.

10. Plaintiff Laurie Gabaldon's vehicle was crushed beyond recognition in the collision and she suffered severe and permanent injuries.

## COUNT I
## NEGLIGENCE AND NEGLIGENCE *PER SE*
## OF DEFENDANT ANDREW

11. Plaintiff hereby incorporates by reference each and every allegation set forth in the preceding paragraphs, as if fully restated herein, and further alleges that:

12. New Mexico public policy requires financial responsibility and accountability on the part of motor carriers.

3

13. Defendant Andrew Stock, being a commercial trucker, was required to provide safe and adequate service for the rendition of transportation services in New Mexico.

14. Pursuant to New Mexico law, Defendant Andrew Stock owed the duty to exercise care for the safety of the person and the property of others.

15. Defendant Andrew Stock is a professional driver and had a duty to exercise the care of a professional driver while operating commercial vehicles.

16. Defendant Andrew Stock breached his duties of care on February 27, 2012 by negligently operating the commercial tractor-trailer unit, said negligence including but not being limited to:

    a.    failing to keep a proper lookout and maintain proper control of the vehicle at all times, placing himself and others in danger and causing the subject collision;

    b.    failing to give his full time and entire attention to the operation of the vehicle;

    c.    operating a vehicle on the highway in a careless, inattentive or imprudent manner;

    d.    operating his vehicle in a reckless manner;

e.      driving a vehicle in an unsafe condition so as to endanger other persons, and with equipment that was not in good and working condition and proper adjustment;

f.      driving a vehicle on the highway whose equipment was not in good working order, out of adjustment, and mechanically unsafe, endangering other persons on the highway (including Plaintiff Laurie Gabaldon);

g.      failing to conduct pre- and post-trip inspections on the vehicle to ensure that all safety-related parts and accessories were in good working order;

h.      speeding and/or failing to control his speed necessary to avoid colliding with persons and/or vehicles on the highway; and

i.      failing to obey traffic–control devices and/or signals.

17. Defendant Andrew Stock's actions/inactions constitute negligence, and negligence *per se* (as a matter of law), in that statutes and regulations were in force in New Mexico on February 27, 2012, including:

17.1    the duty of every operator of a vehicle to keep a proper lookout and to maintain proper control of his vehicle at all times so as to avoid placing the operator or others in danger and to prevent an accident; *see* New Mexico U.J.I. 13-1202;

5

17.2    the duty to give his full time and entire attention to the operation of the vehicle, as required by NMSA § 66-8-114(A);

17.3    the duty not to operate a vehicle in a careless, inattentive or imprudent manner, as set forth in NMSA §66-8-114(B);

17.4    the duty not to drive carelessly and heedlessly in willful or wanton disregard of the rights or safety of others, without due caution and circumspection, and at a speed or in a manner so as to endanger or be likely to endanger any person or property of another, as set forth in NMSA § 66-8-113;

17.5    driving a vehicle in an unsafe condition endangering others, or which was not equipped at all times with equipment in proper condition and adjustment, as set forth in NMSA § 66-3-801; and FMCSA §§ 393.11, 396.3(a) and 396.7;

17.6    the duty not to drive a vehicle on the highway unless its equipment is in good working order and adjustment, and in such safe mechanical condition so as not to endanger other persons on the highway, as set forth in NMSA §66-3-901 and FMCSA § 396.7;

17.7    the duty to conduct pre- and post trip inspections on commercial motor vehicles to ensure that all safety-related parts and accessories are in good

working order, pursuant to NMSA §65-3-8(A)(1) and FMCSA §§ 392.7, 396.3(a) and 396.13;

17.8   the duty not to speed - and to control a speed necessary to avoid colliding with persons and/or vehicles on the highway, as set forth in NMSA § 66-7-301; and

17.9   the duty to obey traffic-control devices and/or signals, pursuant to NMSA §§ 66-7-104 and 66-7-105.

18. Defendant Andrew Stock's failure to comply with some or all of the aforementioned statutes and regulations caused and/or contributed to the injuries and damages complained for herein.

19. Defendant Andrew Stock's wrongful acts as set forth above, including the aggravating circumstances attending the wrongful acts or failure(s) to act, were a cause and/or contributing cause of Plaintiff's serious injuries and damages, including pain and suffering, mental anguish and distress, medical care, disfigurement, loss of earnings and earning capacity, loss of enjoyment of life, and loss of household services, for which Plaintiff seeks relief pursuant to New Mexico law.

20. Defendant Andrew Stock's conduct showed an utter indifference to, or conscious disregard for, the safety of others, thereby justifying an award of punitive damages against this defendant.

21. At all material times, Defendant Andrew Stock was an employee and/or agent of Defendant Heartland Express, and was acting within the scope of his employment and/or agency.

22. Defendant Heartland Expresss is vicariously liable for Defendant Andrew Stock's actions, under the doctrine of *respondeat superior* and other principles of agency, as it authorized, participated in, and ratified those actions.

## COUNT II
## NEGLIGENCE, NEGLIGENCE *PER SE*, AND JOINT AND SEVERAL LIABILITY OF DEFENDANT HEARTLAND EXPRESS

23. Plaintiff hereby incorporates by reference each and every allegation set forth in the preceding paragraphs, as if fully restated herein, and further alleges that:

24. As a commercial motor carrier, Defendant Heartland Express is under a duty to provide safe and adequate service and equipment for the rendition of transportation services in New Mexico, pursuant, but not limited to New Mexico's Motor Transportation Act, §65-1-1, *et seq.* and the Federal Motor Carrier Safety Regulations (FMCSR).

25. Defendant Heartland Express, its officers, agents, representatives, and employees responsible for the management, maintenance, operation, or driving of commercial motor vehicles, and/or the hiring, supervising, training, assigning, or dispatching of drivers, had a duty to be instructed in and to comply with the FMCSR as required by FMCSR § 392.1.

8

26. Pursuant to New Mexico law, Defendant Heartland Express, its employees, agents and/or contractors owed the duty to exercise care for the safety of the person and the property of others.

27. At all material times, Defendant Heartland Express was under a duty, along with its managers, supervisors, employees, agents and contractors, to ensure the safe operation of its motor carrier operations at all times.

28. Defendant Heartland Express was the owner, operator and/or otherwise exercised control over the commercial motor vehicle(s) being operated by Defendant Andrew Stock on February 27, 2012.

29. It was unlawful for Defendant Heartland Express, its managers, supervisors, employees, agents and/or contractors to require or permit Defendant Andrew Stock to unsafely operate commercial vehicles on highways, as set forth in NMSA §§ 66-8-120, 66-8-121, 65-2A-33, and FMCSR § 390.13.

30. Defendant Heartland Express, its managers, supervisors, employees, agents and contractors breached their duties of care, including but not limited to:

30.1    operating, causing and/or permitting the operation of vehicles that were in an unsafe condition endangering others;

30.2    operating or permitting the operation of a vehicle whose equipment was not in good working order and which was out of adjustment;

9

30.3    failing to establish a system for motor carriers and drivers, including

Defendant Andrew Stock, to report to it any damage, defects, or

deficiencies of intermodal equipment discovered by the driver which

would affect the safety of operation of the intermodal equipment; and/or

30.4    operating or permitting the operation of a motor vehicle without

conducting pre- and post-trip inspections to ensure all safety-related parts

and accessories are in good working order.

31. Defendant Heartland Express', its managers', supervisors', employees', agents'

and contractors' actions/inactions constitute negligence, and negligence *per se* (as

a matter of law), in that there were statutes and regulations in force in New

Mexico on February 27, 2012, including:

31.1    operating, causing and/or permitting the operation of vehicles that were in

an unsafe condition endangering others, or were not at all times equipped

with equipment in proper condition and adjustment, as set forth in NMSA

§ 66-3-801, and FMCSA §§ 393.11, 396.3(a), 396.7 and 396.12(c);

31.2    operating, causing and/or permitting the operation of a vehicle whose

equipment is not in good working order and which is out of adjustment,

pursuant to NMSA §66-3-901, and FMCSA 396.7;

31.3    the duty of each intermodal equipment provider to establish a system for

motor carriers and drivers to report to it any damage, defects, or

deficiencies of intermodal equipment discovered by, or reported to, the motor carrier or driver which would affect the safety of operation of the intermodal equipment, while transported on public roads, pursuant to FMCSA § 396.12(a); and/or

31.4    operating or permitting the operation of a motor vehicle without conducting pre- and post-trip inspections to ensure all safety-related parts and accessories are in good working order, pursuant to NMSA §65-3-8(A)(1) and FMCSA §§ 392.7, 396.3(a) and 396.13.

32. Defendant Heartland Express', its managers', supervisors', employees', agents' and contractors' failure to comply with some or all of the aforementioned statutes and regulations caused and/or contributed to the injuries and damages complained for herein.

33. Defendants Heartland Express and Andrew Stock committed, conspired to commit and/or aided and abetted one another in violating the above-referenced statutes and/or regulations, and are therefore jointly and severally liable for those violations, pursuant to NMSA §§ 66-8-120 and 65-3-3(C) and FMCSR § 390.13.

34. Defendant Heartland Express also owed a duty to those members of the public, including Plaintiff Laurie Gabaldon, whom they might reasonably anticipate would be placed in a position of risk of injury as a result of negligently hiring, contracting, training, supervising, monitoring and/or retaining an unfit driver.

35. Defendant Heartland Express breached its duty of care in that at the time it employed and/or contracted Defendant Andrew Stock, it was aware or should have been aware that Defendant Andrew Stock lacked the proper training, knowledge and skills necessary to safely operate commercial motor vehicles.

36. Defendant Heartland Express failed to adequately assess and train Defendant Andrew Stock in the safe operation of commercial motor vehicles, and specifically regarding the requirement that commercial vehicles must be inspected, kept in good working order and proper adjustment, and not be overloaded to the point where the vehicle is uncontrollable.

37. At all material times, Defendant Heartland Express was under a duty to require observance by its drivers of all prescribed duties or imposed prohibitions, as set forth in FMCSR § 390.11.

38. Defendant Heartland Express failed to supervise and/or monitor Defendant Andrew Stock's operation of commercial motor vehicles, including but not limited to events where Defendant Andrew Stock demonstrated poor judgment by operating commercial vehicles in an unfit and unsafe condition upon highways, which was or should have been known by Defendant Heartland Express.

39. In the face of the aforementioned knowledge and the readily available information about Defendant Andrew Stock's lack of knowledge, exercise of

poor judgment and his inability to safely operate commercial motor vehicles, Defendant Heartland Express nevertheless continued to allow and permit Defendant Stock to operate commercial motor vehicles, thereby endangering his life and the lives of others, including Plaintiff Laurie Gabaldon.

40. When it became known to Defendant Heartland Express that Defendant Andrew Stock was operating commercial vehicles in an unfit condition, Defendant Heartland Express should have prohibited any further operation of commercial vehicles on its behalf by Defendant Andrew Stock.

41. It was or should have been foreseeable to Defendant Heartland Express that some general harm or consequence was a reasonably foreseeable result of its negligent hiring, contracting, training, supervising, monitoring and/or retention of Defendant Andrew Stock, especially when that negligent hiring, contracting, training, supervision, monitoring and/or retention involved his unsafe operation of large and dangerous commercial motor vehicles on public roadways.

42. The standard for determining whether an employer should be held liable for negligent supervision of an employee does not require proof of the actual knowledge of the employee's lack of skills or unfitness to perform such work, but whether the employer knew or should have known that some harm might be caused by the acts or omissions of the employee who is entrusted with such position. See F & T Co. v. Woods, 92 N.M. 697, 699, 594 P.2d 745, 747 (1979).

43. The wrongful acts and or failure(s) to act by Defendant Heartland Express, its managers, supervisors, employees, agents and/or contractors as set forth above, including the aggravating circumstances attending the wrongful acts and/or failure(s) to act, were a cause and/or contributing cause of Plaintiff's serious injuries and damages, including pain and suffering, mental anguish and distress, medical care, disfigurement, loss of earnings and earning capacity, loss of enjoyment of life, and loss of household services, for which Plaintiff seeks relief pursuant to New Mexico law.

44. Defendant Heartland Express' conduct and/or that of its managers, supervisors, employees, agents and/or contractors shows an utter indifference to, or conscious disregard for, the safety of others, and a pattern and practice of such indifference, thereby justifying a direct and a vicarious award of punitive damages against this defendant.

## COUNT III
### SPOLIATION OF EVIDENCE BY DEFENDANT HEARTLAND EXPRESS

45. Plaintiff hereby incorporates by reference each and every allegation set forth in the preceding paragraphs, as if fully restated herein, and further alleges that:

46. Federal Motor Carrier Safety Regulations (FMCSR) 49 CFR § 390.15(a) required Defendant Heartland Express to make all records and information pertaining to the collision available to state and local law enforcement and authorized third party representatives - in this case Plaintiff's attorneys.

14

47. Defendant Heartland Express was required to give Plaintiff's authorized representatives all reasonable assistance in the investigation of the accident, including providing a full, true, and correct response to any question of inquiry, pursuant to 49 CFR § 390.15(a).

48. For all times relevant, Defendant Heartland Express was required to maintain and preserve all records and documents in their original form, unless adequately preserved, pursuant to 49 CFR § 390.31.

49. Defendant Heartland express knew there was the potential for a lawsuit arising from Defendants' acts, failures to act and/or use of their vehicles. Despite this knowledge, Defendant Heartland Express and/or their agents, intentionally disposed of, destroyed, mutilated, fabricated and/or significantly altered potential evidence, including but not limited to: 1) physical evidence located on and within the commercial trailer involved in the subject crash, to maliciously defeat or disrupt Plaintiff's right of recovery.

50. The physical evidence located on and within the subject commercial trailer spoiled by Defendant Heartland Express, and/or their agents, prevents and denies this Court, the jury, and the parties, critical information and evidence relevant to material issues in the case, including but not limited to: the condition of the brakes, braking components and braking systems on the commercial vehicle(s), the data related thereto; the physical weight(s) of the commercial

vehicle's contents at the time of the subject collision; and whether or not the trailer was in compliance with New Mexico's Motor Transportation Act, §65-1-1, *et seq.* and the Federal Motor Carrier Safety Regulations (FMCSR).

51. Plaintiff's recovery in this lawsuit is a prospective economic interest entitled to protection, and Defendant's and/or their agents' destruction, fabrication and/or alteration of the aforementioned evidence to disrupt or defeat Plaintiff's right or potential right of recovery was highly improper, cannot be justified, and is separately actionable. *See* Coleman v. Eddy Potash, Inc., 120 N.M. 645, 905 P.2d 185 (1995).

52. Defendant's and or its agents' destruction, fabrication and/or alteration of any or all of the above-referenced evidence, including the aggravating circumstances attending the wrongful acts, substantially prejudiced Plaintiff's ability to prepare and prove her case and recover adequate damages at law, thereby causing Plaintiff to suffer damages as a result, and Defendants are liable for these resulting damages.

53. Defendant's and or its agents' wrongful destruction, mutilation or alteration of evidence, was malicious, willful, and wanton.

54. Defendant Heartland Express participated in, consented to, ratified, approved, benefited and or attempted to benefit from the destruction of the aforementioned

potential evidence, and is therefore directly and vicariously liable for those actions.

55. Serious and extreme sanctions must be levied against Defendant Heartland Express and/or its agents in order to deter similar conduct by others in the future.

WHEREFORE Plaintiff requests monetary damages against Defendants, and each of them, in amounts to be awarded by the jury to be just and reasonable, for punitive damages, for pre- and post-judgment interest, for costs, and for all other appropriate relief.

Respectfully submitted:

WILL FERGUSON & ASSOCIATES

By: _____/s/_____
ROBERT M. ORTIZ
1720 Louisiana Blvd NE, Suite 100
Albuquerque, NM 87110
Phone: (505) 243-5566
*Attorneys for Plaintiff Laurie Gabaldon*

17

FILED IN MY OFFICE
DISTRICT COURT CLERK
4/25/2012 3:13:49 PM
GREGORY T. IRELAND

Tony Lucero

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

LAURIE A. GABALDON,

      Plaintiff,

vs.                        Cause No.  D-202-CV-2012-04023

ALVIN ANDREW STOCK, and
HEARTLAND EXPRESS INC. OF IOWA,
an Iowa For-Profit Corporation,

      Defendants.

## PLAINTIFF'S CERTIFICATION
## REGARDING ARBITRATION UNDER RULE LR2-603

ROBERT M. ORTIZ counsel for Plaintiff, certifies that:

_____ This case is subject to referral to arbitration under Local Rule 603. No party seeks relief other than a money judgment and no party seeks and award in excess of $25,000 inclusive of punitive damages and exclusive of interest, costs and attorneys' fees.

__X__ This case is not subject to referral to arbitration under Local Rule 603 because at least one party seeks relief other than a money judgment and/or at least one party seeks an award in excess of $25,000 inclusive of punitive damages and exclusive of interest, costs and attorneys' fees.

Respectfully submitted,
WILL FERGUSON & ASSOCIATES


          /s/
ROBERT M. ORTIZ
*Attorney for Plaintiff*
1720 Louisiana Blvd. NE, Suite 100
Albuquerque, New Mexico 87110
(505) 243-5566 Telephone
(505) 243-5699 Facsimile

