IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LAURIE A. GABALDON,

       Plaintiff,

vs.                                                            CIV 12-0586 LH/KBM

ALVIN ANDREW STOCK and
HEARTLAND EXPRESS INC. OF IOWA,
*an Iowa For-Profit Corporation,*

       Defendants.

### ORDER DENYING MOTIONS TO COMPEL

THIS MATTER is before the Court on Plaintiff's Motions to Compel Answers to Interrogatories (Doc. 31) and to Requests for Production (Doc. 32) from Defendant Heartland Express Inc. of Iowa ("Heartland"). The Court has reviewed the motions, the briefs and exhibits submitted by the parties and relevant authorities. The Court concludes that Plaintiff failed to meet her obligation to confer in good faith prior to filing the motions, and that the motions should be denied on that basis.

As Magistrate Judge Lorenzo F. Garcia has noted,

> Fed. R. Civ. P. 37(a)(1) requires that a motion to compel include a certification that the movant has conferred in good faith or attempted to confer with the party not making the disclosure so as to avoid requiring court action. In *Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 635-36 (D. Colo. 2003), the court determined that a single e-mail stating that plaintiff intended to file a motion to compel based on the defendant's refusal to respond to discovery requests was insufficient to satisfy the requirements that parties make reasonable good-faith efforts to confer with opposing counsel to resolve the disputed matter. The court indicated that to confer means more than making a demand for compliance; it means "to hold a conference; compare views, consult together."

*Predergast v. Fundamental Long Term Care Holdings, LLC, et al.*, CIV 07-1265 CEG/LFG, Doc. 98 at 1-2 (2009).   Moreover, "The failure of Plaintiff's counsel to comply

with the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure for the District of New Mexico would justify an immediate denial of Plaintiff's Motion." *Sarshik v. Correctional Medical Services, Inc.*, CIV 11-0927 WJ/ACT, Doc. 66 at 4.

Obviously, before filing a motion to compel, the moving party must give sufficient time to the party who allegedly gave deficient discovery responses to consider the positions and arguments of the parties. Such time is necessary to ascertain whether judicial intervention can be avoided and relieve the parties of unnecessary effort and expense associated with motion practice. When inadequate time is given for such consideration, meaningful opportunity for consultation is impossible and a recitation of good faith compliance with the duty to confer rings hollow.

On October 22, 2012, Defendant Heartland timely served its responses to Plaintiff's discovery requests at issue here. It was not until 4:10 on the afternoon of November 12, 2012, which happened to be both a federal holiday (Veterans' Day) and just one day before the deadline for filing a motion to compel under our local rules, that Plaintiff delivered a letter outlining her many perceived deficiencies in those responses. *See Doc. 37-2* (Exhibit B). Evidently Plaintiff had provided the drafted motions to compel and then followed with a 6:19 p.m. e-mail giving Heartland until 3:00 p.m. the following day to fully respond. *Id.*

Not surprisingly Defendant's counsel did not see this correspondence until the morning of November 13, 2012, and his already-set schedule in court precluded him from meeting Plaintiff's demanded deadline for response. *Id.* Just one minute before the deadline, Defendant sent an e-mail to Plaintiff's counsel. He explained the situation and indicated that Heartland was willing to stipulate to an extension of the "Twenty-one Day

2

Rule." That way, the parties could meaningfully address the issues raised in the as yet unfiled motions in an attempt to resolve the issues "without involving the court." Instead, Plaintiff's attorney chose to file the instant motions less than a half hour after receiving Heartland's offer of an extension.

Rather than discussing her concerns regarding the adequacy of Heartland's responses, Plaintiff through her counsel chose to spend the time, energy and money in preparing motions to compel that may well have been unnecessary. Defendant Heartland had no choice but file a responsive brief in opposition. Plaintiff's reply brief likely required even more time and resources. Now the Court has expended its time, energy and resources simply because Plaintiff failed to follow the spirit of the discovery rule imposing a meaningful duty to confer in good faith.

In a time when our courts are struggling with limited resources and litigants are finding the costs of litigation ever expanding, a mere recitation of good faith simply cannot suffice. See Fed. R. Civ. P. 1 ("[These rules] should be construed and administered to secure the just, speedy and inexpensive determination of every action and proceeding.").]

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motions to Compel Answers to Interrogatories (Doc. 31) and to Requests for Production (Doc. 32) from Defendant Heartland Express Inc. of Iowa ("Heartland") are **denied**.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE